IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONALD HARLIN GARDINER, JR.,

        Plaintiff,

        v.

DEPUTY SHERIFF DANIEL BARDEN;
DOUGLAS COUNTY SHERIFF JOHN
HANLIN; DOUGLAS COUNTY DISTRICT
ATTORNEY'S OFFICE; GRAND JURY,

        Defendants.

No. 6:23-cv-00288-MK

ORDER

AIKEN, District Judge.

        This case comes before the Court on a Findings and Recommendation ("F&R")
filed by Magistrate Judge Mustafa Kasubhai.  ECF No. 9.  Judge Kasubhai
recommends that Plaintiff's IFP Petition, ECF No. 2, be granted but that the
Complaint, ECF No. 1, be dismissed with leave to amend, except that Plaintiff's
claims against Defendants Douglas County District Attorney's Office ("DCDAO") and
Grand Jury should be dismissed with prejudice.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed.").  Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154.  The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, no party has filed objections to the F&R.  The Court finds no error and the F&R, ECF No. 9, is ADOPTED.  Plaintiff's IFP Petition, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED.  Plaintiff's claims against Defendants DCDAO and Grand Jury are dismissed with prejudice and without leave to amend.  Plaintiff is granted leave to amend as to all other claims and defendants. Plaintiff shall have sixty (60) days from the date of the Order in which to file an

amended complaint.  Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this  1st  day of June 2023.


 /s/Ann Aiken
ANN AIKEN
United States District Judge